BOND AND GOODWIN, INC. *vs.* LEO WEINER.

APRIL 25, 1934.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

HAHN, J.   This is an action in assumpsit on a promissory note and is before this court on defendant's exceptions to rulings of the Superior Court entering decision for plaintiff under the Summary Judgment Act and denying defendant's motion to assign the case to the miscellaneous calendar.

The case was previously before this court on exceptions of both parties to rulings of the Superior Court in connection with plaintiff's motion for summary judgment.   See *Bond & Goodwin* v. *Weiner*, 53 R. I. 407.   In its opinion the court said:   "We are uncertain whether the defendant had no actual defense or whether he failed, even on the third attempt, to make as good a showing as the facts warrant." The case was remitted "for a rehearing, under the Summary Judgment Act, to permit the defendant, if he can, 'to disclose such facts as in the opinion of the court justly entitle him to defend.' "

At the rehearing in the Superior Court the defendant offered a further affidavit of defense alleging that there was a substantial question of fact in dispute.   However, he did not produce any witnesses nor offer any oral evidence but relied substantially upon the statements set forth in the earlier affidavits with the addition of certain facts pertaining to what had transpired prior to the giving of the note and purporting to recite prior instructions by defendant to plaintiff to purchase stock at a certain figure, purchase of the stock by plaintiff at a higher figure and its rejection by defendant for noncompliance with his instructions.   The affidavit failed to satisfy the court which held that the additional facts alleged in the later affidavit did not constitute a defense to the action because the defendant, by consummating the purchase with full knowledge of such facts, waived any defense which might otherwise have been predicated upon the same.   Decision was thereupon rendered for plaintiff for $4,988.12 and costs.   Defendant subsequently moved to assign the case to the miscellaneous calendar for trial before a justice sitting without a jury. The motion was denied.

This court in its previous opinion sustained the finding of the lower court that the facts alleged in the earlier affidavits did not constitute a defense. The present record shows that the trial justice properly applied the rule of proof in an action for breach of warranty which does not require proof that the seller had knowledge of the falsity of his affirmations. An examination of the present affidavit fails to reveal it as any more convincing than its predecessors and the trial justice was clearly justified in his conclusion that defendant failed to disclose such facts as "justly entitle him to defend." The exception to the entry of a decision for plaintiff is overruled.

Defendant further excepts to the denial of his motion to assign the case to the miscellaneous calendar for trial before a justice sitting without a jury. The Summary Judgment Act (P. L. 1929, Chap. 1343 as amended by P. L. 1932, Chap. 1893) provides in substance that if a written claim for jury trial is not made before assignment day, as provided in Sec. 6, Chap. 337, G. L. 1923, as amended by Pub. Laws 1929, cap. 1327, and decision has been rendered for plaintiff, judgment shall be ordered entered forthwith. The omission, in cases where the court has entered decision for plaintiff, of any provision for a trial upon the merits before a justice sitting without a jury is obviously to eliminate the delay and expense of a trial where the defense alleged is as unconvincing and as lacking in corroboration as that offered by the defendant in the instant case. As stated in *Bond & Goodwin* v. *Weiner, supra,* if a defendant, in opposing the entry of a decision for plaintiff, "cannot produce evidence which should reasonably satisfy the court that he is entitled to go to trial, he could hardly expect to successfully defend at a full trial before the same or another justice when the plaintiff's evidence in rebuttal shall be submitted."

The defendant's exceptions are overruled.

The plaintiff will be entitled to the entry of judgment on the decision as soon as the question of garnishment is finally determined.

The case is remitted to the Superior Court for further proceedings in accordance with this opinion.

*Elmer E. Tufts, Jr., Ronald B. Smith, Edwards & Angell,* for plaintiff.

*Max Winograd, Joseph Goodman, William J. Carlos,* for defendant.